**Peace v. Hess**

*Geisenberger, Zimmerman, Pfannebecker & Gibbel,* for plaintiffs.

*John Milton Ranck, Barley, Snyder, Cooper & Mueller* and *Arnold, Bricker, Beyer & Barnes,* for defendants.

BUCHER, J., April 18, 1974.—The issue before the court concerns 16 written interrogatories propounded by plaintiffs to be answered by some of the defendants; namely, Harold Hess and Vintage Sales Stables, Inc., A. O. Smith International, and Suburban Propane Company. All of these defendants have filed written objections to most of the interrogatories invoking Pennsylvania Rule of Civil Procedure 4011(d), which provides:

"Rule 4011. Limitation of Scope of Discovery and Inspection.

"No discovery or inspection shall be permitted which . . .

"(d) would disclose the existence or location of reports, memoranda, statements, information or other things made or secured by any person or party in anticipation of litigation or in preparation for trial or would obtain any such thing from a party or his insurer, or the attorney or agent of either of them, other than information as to the identity or whereabouts of witnesses."

Plaintiffs have moved for sanctions against said defendants, alleging that their objections are not well taken.

The background for this action of trespass is that an explosion occurred on June 30, 1969, in a dwelling occupied by plaintiffs who sued the owner of the real estate (Vintage), the owner's agent (Hess), the manufacturer of the gas hot water heater in the premises (Smith) and the supplier of gas (Suburban Propane).

The interrogatories fall generally into five categories, namely, (1) requests for statements made by plaintiffs and others; (2) requests for medical records, photographs, plans and drawings; (3) requests for tests performed by defendants' experts; (4) requests for names and qualifications of defendants' experts; and (5) requests for miscellaneous information such as whether defendants possess any parts of the gas hot water heater, the time when the accident first came to defendants' attention, names of witnesses and whether defendants have any knowledge of prior injuries suffered by plaintiffs.

The cases uniformly hold that statements secured from witnesses (other than a party) are not subject to discovery under Pa. R. C. P. 4011(d). See Goodrich-Amram 1973 Supplement, §4011(d) —2. As to statements made by a party, there appears to be a split of authority. Several lower court cases allow the production of plaintiff's statement. See Gramiak v. Raines, 55 D. & C. 2d 586, 60 Del. Co. 213; Perkins v. Pittsburgh Railways Co., 6 D. & C. 2d 655; and Baukal v. Acme Markets, Inc., 38 D. & C. 2d 86. While a literal reading of 4011(d) shields defendants in this area, the court, nevertheless, concludes that, at least as to a party, any statements ought to be produced.

Plaintiffs' request for medical records, photographs, maps and plans of the scene of the accident is clearly prohibited by Pa. R. C. P. 4011(d). Any medical records are obviously available to plaintiffs and the other requested written material falls within the category of material secured in anticipation of litigation.

Plaintiffs are entitled to the names of defendants' expert witnesses whom they intend to call at trial but are not entitled to the names of all expert witnesses defendants have consulted since June 30, 1969: Nissley v. Pennsylvania Railroad Company,

435 Pa. 503. Defendants are not required to recite the experts' qualifications.

An interrogatory may not request details with respect to tests and inspections and reports thereon made after the accident: Moser v. Cox, 23 Beaver 32.

The court holds that plaintiffs are entitled to know if defendants possess any parts of the gas hot water heater, the time when the accident first came to their attention and names of witnesses.

And now, April 18, 1974:

*As to defendants, Harold Hess and Vintage Sales Stables, Inc.:*

(a) Defendants' objection to plaintiffs' interrogatory no. 1 is sustained as to plaintiffs' request for statements secured from anyone except plaintiffs. Defendants, Harold Hess and Vintage Sales Stables, Inc., are directed within 20 days to answer interrogatory no. 1 insofar as it seeks to obtain information as to any statement taken from plaintiffs.

(b) Defendants' objections to plaintiffs' interrogatories nos. 5, 6, 7, 8, 10, 11 and 12 are sustained.

(c) Defendants' objection to plaintiffs' interrogatory no. 13 is sustained insofar as it requests the names of all experts consulted, employed or retained by defendants since June 30, 1969; however, defendants are directed within 20 days to furnish plaintiffs with the names of any expert witnesses whom they intend to call at the trial of this case.

*As to defendant, A. O. Smith International:*

(a) Defendant's objection to plaintiffs' interrogatory no. 1 is sustained as to plaintiffs' request for statements secured from anyone except plaintiffs. Defendant, A. O. Smith International, is directed within 20 days to answer interrogatory no. 1 insofar as it seeks to obtain information as to any statement taken from plaintiffs.

(b) Defendant's objection to plaintiffs' interrogatory no. 2 is overruled and defendant is directed within 20 days to answer same.

(c) Defendant's objections to plaintiffs' interrogatories nos. 3, 4, 5, 6, 7, 8, 10, 11 and 12 are sustained.

(d) Defendant's objection to plaintiffs' interrogatory no. 13 is sustained insofar as it requests the names of all experts consulted, employed or retained by defendant since June 30, 1969; however, defendant is directed within 20 days to furnish plaintiffs with the names of any expert witnesses whom it intends to call at the trial of this case.

*As to defendant, Suburban Propane Company:*

(a) Defendant's objection to plaintiffs' interrogatory no. 1 is sustained as to plaintiffs' request for statements secured from anyone except plaintiffs. Defendant, Suburban Propane Company, is directed within 20 days to answer interrogatory no. 1 insofar as it seeks to obtain information as to any statement taken from the plaintiffs.

(b) Defendant's objections to plaintiffs' interrogatories nos. 3, 4, 5, 6, 7, 8, 10, 11 and 12 are sustained.

(c) Defendant's objection to plaintiffs' interrogatory no. 9 is overruled and defendant is directed within 20 days to answer same.

(d) Defendant's objection to plaintiffs' interrogatory no. 13 is sustained insofar as it requests the names of all experts consulted, employed or retained by defendant since June 30, 1969; however, defendant is directed within 20 days to furnish plaintiffs with the names of any expert witnesses whom it intends to call at the trial of this case.

Plaintiffs' rule for sanctions is discharged.